IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricky D. Cook,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-20-01136-PHX-DLR (ESW)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 26) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 5) and Petitioner's Motion to Stay (Doc. 1.). The R&R recommends that the Petition be denied as untimely and dismissed, and that the Motion to Stay be denied.

    Petitioner objected to the R&R (Doc. 28), and Respondents filed a Reply (Doc. 28). Petitioner then filed a Response to the Reply (Doc. 29), which Respondents moved to strike (Doc. 30). The Court has reviewed the Report and Recommendation de novo and considered Petitioner's objections. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

    The Court finds that the Magistrate Judge correctly determined that the Petition was untimely. The limitations period began running when the Arizona Supreme Court denied further review on May 11, 2019 and expired a year later on May 10, 2020. 28 U.S.C. § 2244(d)(1) (one-year statute of limitations). The R&R, after correctly applying the prison

mailbox rule, determined that his Habeas Petitions was filed outside the limitations period, on June 5, 2020.

Petitioner's objection appears to argue that his untimeliness should be excused because of new evidence that establishes his actual innocence. A petitioner establishes actual innocence by presenting such compelling new evidence that "no reasonable juror would have convicted him in light of the new evidence." *McQuiggin*, 569 U.S. 383, 399 (2013). For new evidence, Petitioner submits that Officer Delbert Wheeler is on the Brady list and that Deputy County Attorney Nicholas Michaud, who filed the direct complaint against him, is also under investigation for written false reports. (Doc. 27 at 1.) But this "new evidence" merely goes to the sufficiency of the evidence and the credibility of the states' witnesses and does not establish actual innocence. *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("latter-day" impeachment evidence "will seldom, if ever" demonstrate actual innocence).

Petitioner also objects to the R&R's calculations of the running of the ADEPA statute of limitations, arguing that the statute of limitations did not begin to run until after the Arizona Court of Appeals issued its mandate on June 5, 2019. Not so. The limitations period begins running once the Arizona Supreme Court denies review. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (2007). The R&R correctly determined that the statute of limitations began running on May 11, 2019, the day after the Arizona Supreme Court denied his petition for review.

Lastly, Petitioner's objection re-urges arguments rejected by the R&R. (Doc. 27 at 2-4.) Re-arguing the merits of the claims are not appropriate objections and is "tantamount to no objection at all." *Sullivan v. Schriro*, No. CV–04–1517–PHX–DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006).

Based on the foregoing, the Court finds that Petitioner's Motion to Stay (Doc. 1) is futile. The Court also finds that Petitioner's sur-reply to Respondent's Reply (Doc. 29) is not allowed by the Rules of Civil Procedure nor the Local Rules of the Court. The Court

1  further finds that the arguments set forth in the sur-reply do not contain new information
2  or facts that would change the outcome of his ruling.

3      **IT IS ORDERED** that Petitioner's Motion to Stay (Doc. 1) is **DENIED.**

4      **IT IS FURTHER ORDERED** that Respondents' Motion to Strike (Doc. 30) is
5  **GRANTED**.

6      **IT IS FURTHER ORDERED** that the R&R (Doc.26) is **ACCEPTED**.

7      **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus
8  filed pursuant to 28 U.S.C. § 2254 (Doc. 5) is **DISMISSED** with prejudice.

9      **IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to
10 proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is
11 justified by a plain procedural bar and reasonable jurists would not find the procedural
12 ruling debatable.

13     The Clerk of the Court shall enter judgment denying and dismissing Petitioner's
14 Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 5) with
15 prejudice and shall terminate this action.

16     Dated this 30th day of September, 2021.

Douglas L. Rayes
United States District Judge